IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| **LISA CARLISLE,** | ) |
| **Plaintiff**, | ) |
| v. | ) **Civil Action No.:** |
| **NEATON ROME, INC.,** | ) |
| **Defendant**. | ) |

**PLAINTIFF'S COMPLAINT WITH
DEMAND FOR JURY TRIAL**

Now comes the Plaintiff, LISA CARLISLE (hereinafter "Plaintiff" or "Carlisle"), and files her Complaint against the Defendant, NEATON ROME, INC. (hereinafter "Defendant" or "NRI") and says:

**NATURE OF THE CLAIMS**

1.     This is an action for monetary damages, pursuant to the Family and Medical Leave Act of 1996, 29 U.S.C. § 2601, *et seq.* (hereinafter the "FMLA"); and The Emergency Paid Sick Leave Act ("EPSLA"), Division E of the Families First Coronavirus Response Act ("FFCRA") Pub. L. No. 116-127, 134 St. 178 (2020).

1

2. This is an action to redress Defendant's interference and retaliation towards Plaintiff for attempting to exercise her rights under the FMLA and due to her complaints about not being compensated in accordance with the EPSLA.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding Plaintiff's rights under the FMLA and the EPSLA.

4. Venue is proper in this district pursuant to 38 U.S.C. § 4323(c)(2) and 28 U.S.C. §1391(b), because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## PARTIES

5. Plaintiff, Carlisle, is a citizen of the United States, and is and was at all times material, a resident of the State of Georgia.

6. Plaintiff worked for Defendant at its offices located at 1634 Technology Parkway, Rome, Georgia 30165.

7. Defendant, NRI, is a Domestic Profit Company with its principal office in Rome, Georgia.

8. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## FACTUAL ALLEGATIONS

9. Plaintiff was employed by Defendant for approximately six (6) years and eight (8) months, from January 2014 through September 2020.

10. At the time of her termination Plaintiff held the position of Shipping Coordinator.

11. Plaintiff was a full-time employee who regularly worked at least forty (40) hours per week.

12. Plaintiff satisfactorily performed the duties and requirements of her job.

13. Beginning in March 2020, the nation faced an unprecedented emergency with the COVID-19 pandemic.

14. On March 18, 2020, President Trump signed into law the Families First Coronavirus Response Act ("FFCRA") which was intended to address the immediate needs Americans faced and the need to avoid at all costs the spreading of the Coronavirus. The FFCRA included the Emergency Family and Medical Leave Expansion Act ("EFMLEA") and the Emergency Paid Sick Leave Act ("EPSLA"), which amend the Family and Medical Leave Act, 29 U.S.C §§ 2601 *et seq.*

15. Both the EFMLEA and the EPSLA have multiple components imposing certain rights and obligations on workers and employers. These include a right to certain paid and unpaid leave (the "Leave Provisions"); and, with respect to the EPSLA, the obligation of employers to give notice of employee rights to their workers (the "Employer Notice Provisions"); the obligation of workers to give notice of their need for leave (the "Worker Notice Provisions"); and a prohibition on certain employer conduct, namely to discharge, discipline or in any other manner discriminate against workers seeking leave or lodging complaints (the "Anti-Retaliation Provisions.")

16. In enacting this emergency legislation, Congress did not enact a prospective date as Congress' intent was for the laws to have immediate effect.

17. Defendant employed 50 or more persons for each working day during each of the 20 or more calendar workweeks in the current or preceding calendar year of 2019 and/or 2020.

18. On or about August 24, 2020, Plaintiff learned that she had been exposed to an individual who had tested positive for COVID-19, and she texted her Supervisor, Keith Little, to inform him of the same.

19. Plaintiff then emailed the same information to Teri Canada, Human Resources Representative, and Wayne Stevens, Assistant Manager.

20. Plaintiff informed Defendant that she would not come into work due to her exposure and that she would see a doctor and undergo a COVID-19 test.

21. The next day, Plaintiff saw a doctor who instructed her to quarantine for 10 days.

22. Plaintiff emailed the doctor's note and request for leave to quarantine to Ms. Canada.

23. Plaintiff underwent a COVID-19 antigen test later that afternoon.

24. Plaintiff also requested to be paid in accordance with the EPSLA while she was out of work under quarantine.

25. The next day, on or about August 26, 2020, Plaintiff began experiencing COVID-19 like symptoms.

26. Plaintiff saw her doctor again, and her doctor instructed Plaintiff to remain out of work for seven (7) days due to her symptoms and advised that she needed to be symptom-free for 24 hours before returning to work.

27. Plaintiff received a negative antigen test result and emailed it to Ms. Canada along with her doctor's instructions to remain out of work due to being symptomatic.

28. On September 4, 2020, Carrie Tate, Assistant Manager of Production Control, called Plaintiff and inquired why she was not at work.

29. Plaintiff informed Ms. Tate that her doctor had not yet cleared her to return to work and that she was still symptomatic.

30. Plaintiff emailed Ms. Canada who informed Plaintiff that she had contacted Plaintiff's doctor and was advised Plaintiff could return to work on September 4, 2020.

31. Plaintiff again met with her doctor. Plaintiff's doctor informed her that he would clear her to return to work on September 8, 2020 and provided her a doctor's note advising the same.

32. Plaintiff emailed that doctor's note, along with CDC guidelines, to Ms. Canada.

33. On September 8, 2020, Plaintiff returned to work.

34. When Plaintiff returned, she checked her timecard and saw that she had not been paid for any of the days she was out, in violation of the EPSLA.

35. Plaintiff emailed Ms. Canada and Tonya Conway, Payroll representative, and inquired why she was not getting paid in accordance with the EPSLA.

36. Ms. Canada and Ms. Conway did not respond to Plaintiff's email.

37. Plaintiff then emailed Ms. Tate and inquired why she was not paid while on COVID-19 quarantine.

38. Ms. Tate informed Plaintiff that she could have applied for Short-Term Disability leave from Defendant's leave administrator, The Hartford.

39. Plaintiff advised Ms. Tate that she was inquiring about emergency paid sick leave under the EPSLA.

40. Plaintiff also inquired about being paid under the EPSLA with Mr. Stevens. .

41. On September 9, 2020, Plaintiff checked her timecard online and discovered that she was only being paid for three (3) of her nine (9) days that she was out of work due to quarantine.

42. Plaintiff emailed Ms. Canada and Mr. Conway to complain and ask why she was only being paid for three (3) days. Plaintiff did not receive a response.

43. On September 11, 2020, Plaintiff was called into a meeting with Ms. Tate, Ms. Canada, and Mr. Stevens.

44. Ms. Canada informed Plaintiff that she had exceeded the attendance point limit on August 4, 2020, and, as a result, her employment was terminated.

45. Defendant terminated Plaintiff due to her leave of absence and in retaliation to her complaints about not being compensated in accordance with the EPSLA.

46. At all times material, Plaintiff was eligible to take leave under the FMLA.

47. Defendant unlawfully terminated Plaintiff's employment.

48. Plaintiff has been damaged by Defendant's illegal conduct.

49. Plaintiff has retained the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count I: FMLA Retaliation

50. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-49 above.

51. Plaintiff is a covered "employee" as defined by the FMLA because she worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

52. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

53. Plaintiff exercised, or attempted to exercise, her rights under the FMLA.

54. Defendant retaliated against Plaintiff for exercising, or attempting to exercise, her FMLA rights.

55. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

56. Plaintiff was injured due to Defendant's willful violation of the FMLA, to which she is entitled to legal relief.

## Count II: FMLA Interference

57. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-49 above.

58. Plaintiff is a covered "employee" as defined by the FMLA because she worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

59. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

60. Plaintiff exercised, or attempted to exercise, her rights under the FMLA.

61. Defendant interfered with Plaintiff's lawful exercise of her FMLA rights.

62. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

63. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal relief.

## Count III: Family and Medical Leave Act/Families First Coronavirus Response Act/Emergency Paid Sick Leave Act Retaliation

64. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-49 above.

65. At all times relevant to this civil action, Plaintiff was a covered employee under the EPSLA.  *See* 29 CFR § 826.30.

66. At all times relevant to this civil action, Defendant was a covered employer under the EPSLA.  *See* 29 CFR § 826.40.

67. Plaintiff qualified for and was entitled to paid sick leave under the EPSLA because she had been advised by a health care provider to self-quarantine due to concerns related to COVID-19.  *See* 29 CFR § 826.90.

68. Plaintiff provided Defendant notice of her need for paid sick leave under the EPSLA.  *See* 29 CFR § 826.100.

69. Plaintiff's negative antigen test less than fourteen day from direct exposure to COVID-19, during the incubation period, and while under a medical provider ordered self-quarantine, is <u>not</u> a justified grounds to reject Plaintiff's documentation.  *See* 29 CFR § 826.100(c).

70. Defendant's discharge, discipline, and/or discriminatory retaliation against Plaintiff because she took and/or requested paid sick leave is a violation of the EPSLA.

71. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the EPSLA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

72. Defendant's unlawful conduct in violation of the EPSLA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in the amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert witness fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

*/s/* **Gary Martoccio**
Gary Martoccio
Georgia Bar Number: 497511
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*

CERTIFICATION: The above-signed counsel hereby certifies that this document was prepared in Times New Roman 14-point font and a 1.5-inch top margin in accordance with LR 5.1B, N.D.Ga.